UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 16-cv-23547-JAL

JUAN CARLOS GARCIA, and all others
similarly situated under 29 U.S.C. 216(b)

    Plaintiff,

vs.

B&B HOLDING ENTERPRISES, INC.,
A FLORIDA CORPORATION, and
WILFRED BRACERAS,

    Defendants.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants, B&B HOLDING ENTERPRISES, INC., and WILFRED BRACERAS. through undersigned counsel, hereby answer Plaintiff's First Amended Complaint (the "Complaint") and responds to the corresponding numbered paragraphs in the Complaint as follows:

    1.    Defendants admit the allegations of paragraph 1 only for the purpose of jurisdiction and denies any and all inferences derived from the allegations.

    2.    Admit the allegations of paragraph 2 for venue purposes.

    3.    Admit the allegations of paragraph 3 that at some point defendant corporation was the plaintiff's employer and is a corporation transacting business in Miami-Dade County. Denies all other allegations in said paragraph and any inferences derived therefrom.

CASE NO: 16-cv-23547-JAL

4. Admit the allegations in paragraph 4 that the individual defendant was an officer or owner of B&B HOLDING ENTERPRISES and denies all other allegations in said paragraph regarding the activity of the individual defendant.

5. Deny the allegation in paragraph 5 and any inference from said allegation.

6. Defendants deny all the allegations contained in said paragraph 6.

7. Defendants deny the allegations contained in said paragraph 7 and Defendants deny the interpretations contained, and the allegations contained are legal conclusions to which no response is required.

8. Defendants deny the allegations contained in said paragraph 8 and Defendants deny the interpretations contained, and the allegations contained are legal conclusions to which no response is required.

9. Defendants deny the allegations contained in said paragraph 9 as to periods worked by Plaintiff and his characterization as a "chef".

10. Defendants deny the allegations contained in said paragraph 10 and Defendants deny the interpretations contained, and the allegations contained are legal conclusions to which no response is required.

11. Defendants deny the allegations contained in said paragraph 11 and Defendants deny the interpretations contained, and the allegations contained are legal conclusions to which no response is required.  Admit the allegations of said paragraph that defendant corporation had two or more employees.

12.	Defendants admit the allegations contained in said paragraph 12 that Defendant corporation had gross income exceeding $500,000.

13.	Defendants admit the allegations contained in said paragraph 13.

14.	Defendants deny the allegations contained in said paragraph 14 and Defendants deny the interpretations contained, and the allegations contained are legal conclusions to which no response is required.

15.	Deny all the allegations contained in said paragraph 15 and demand strict proof thereof.

16.	Deny all the allegations contained in said paragraph 16 and demand strict proof thereof.

## Count II

Defendants re-allege and adopt the responses to paragraphs 1 - 16 above as if re-stated herein.

17.	Deny all the allegations contained in said paragraph 17.

18.	Deny all the allegations contained in said paragraph 18 and demand strict proof thereof.

19.	Deny all the allegations contained in said paragraph 19 and demand strict proof thereof.

20.	Deny all the allegations contained in said paragraph 20 and demand strict proof thereof.

CASE NO: 16-cv-23547-JAL

21. Deny all the allegations contained in said paragraph 21 and demand strict proof thereof.  Deny existence of a contract and allege all obligations to Plaintiff have been satisfied.

22. Deny all the allegations contained in said paragraph 22 and demand strict proof thereof.

Count III

Defendants re-allege and adopt the responses to paragraphs 1 - 22 above as if re-stated herein.

23. Deny all the allegations contained in said paragraph 23 and demand strict proof thereof.

24. Deny all the allegations contained in said paragraph 24 and demand strict proof thereof.

25. Deny all the allegations contained in said paragraph 25 and demand strict proof thereof.

26 Defendants deny all allegations of the complaint not specifically denied or admitted in the paragraphs above.

**AFFIRMATIVE DEFENSES**

First Affirmative Defense

As to Count I, the complaint fails to state a claim against defendants upon which relief can be granted.  Defendant B&B was not the employer of the Plaintiff within the terms of the

CASE NO: 16-cv-23547-JAL

FLSA. Defendant B&B was merely acting as a payroll agent for other entities. Plaintiff has failed to state a cause of action as to Defendants.

Second Affirmative Defense

As to Count I, Defendants properly paid Plaintiff for all time worked and no overtime was worked by Plaintiff which was unpaid to the knowledge of Defendants. Plaintiff's work hours consisted of less than 40 hours a week and he failed to advise any supervisor if he worked longer and such was not required or approved, therefore, no cause of action has been established nor can be established.

Third Affirmative Defense

As to Count I, at all times relevant to this action, Defendants, made a good faith effort to comply and any act or omission giving rise to this action was in good faith and made with reasonable grounds and belief that no violation of the FLSA was being committed, in accordance with 29 USC Section 260. Defendants were not aware of any overtime work performed by Plaintiff or unpaid.

Fourth Affirmative Defense

As to Count I, at all times relevant to this action, Defendants B&B and Braceras were not employers within the ambit of the FLSA or any other standard.

Fifth Affirmative Defense

As to Count I, Plaintiff fraudulently claims the hours worked and was paid for all hours he reported while employed, he now fraudulently claims having worked hours he did not work

CASE NO: 16-cv-23547-JAL

and was not required to work.  Plaintiff generally worked less than 40 hours a week and did not report this fact while employed; therefore, to the extent he was compensated for hours he did not work defendants demand offset for any time overpaid and/or fraudulent.

### Sixth Affirmative Defense

As to Count I, Plaintiff's has failed to state a cause that others were similarly situated to Plaintiff and has failed to establish a common policy or plan that violated any rights or laws, therefore, no other plaintiffs should be admitted to the case.

### Seventh Affirmative Defense

As to Count I, Statute of Limitations:  Pursuant to 29 USC Section 255, a cause of action may only be commenced within two (2) years after the cause of action "accrued" and the cause of action in this case was filed on August 17, 2016; therefore, any claim relating to matters before and pre-dating August 17, 2014 accrued before and is barred in this action.  Section 255 states every such action shall be forever barred unless commenced within two years after it accrued.

### Eighth Affirmative Defense

As to Count II, no contract existed between Plaintiff and Defendants and any such action is barred by the Statute of Frauds.

### Ninth Affirmative Defense

As to Count II, Plaintiff has failed to state a cause of action and failed to establish a contract between the parties.

CASE NO: 16-cv-23547-JAL

Tenth Affirmative Defense

As to Count II, Plaintiff has failed to establish a cause of action for damages and Defendants assert that all amounts due Plaintiff were properly and completely paid.

Eleventh Affirmative Defense

As to Count III, Defendants have paid Plaintiff for any alleged benefit alleged to be conferred to Defendants.

## CERTIFICATE OF SERVICE

**UNDERSIGNED CERTIFIES** that on October 25, 2016, the foregoing document was electronically filed with the Clerk of Court using CM/ECF . Undersigned also certifies that the foregoing document is being served this day on all counsel of record identified in the case in the manner specified, via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing, including J.H. Zidell, Esq., J.H. Zidell, P.A., 300 71st Street, Suite 605, Miami Beach, FL 33141, ZABOGADO@AOL.COM.

Respectfully submitted,

/s/ Bernard P. Coniff
_____
Bernard P. Coniff, Esq.
Florida Bar No. 449301
Attorney for Defendants
760 Ponce De Leon Blvd.
Coral Gables, Florida 33134

CASE NO: 16-cv-23547-JAL

Tel. No. 305-863-8860
Facsimile: 305-883-2927
Tenber@aol.com